# MEMORANDUM OF LAW IN SUPPORT OF 2241

FILED MAR 04 2024
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

As a preliminary matter, petitioner Respectfully Requests that this honorable Court be mindful that pro se pleadings are to be construed liberally. See, Yarbrough v Garrett, 579 F.Supp 2d 856 (6th Cir 2008)(Pro se pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers.

## BACKGROUND FACTS

Petitioner filed a administrative Remedy attached Exhibit (A), Contesting that the B.O.P. is foreclosing him from earning (15) day's a month on the premise that he was ineligible, based on he was Convicted on Causing death of Control Substance. In presenting this issue for Review, the B.O.P. has failed to address the issue on the basis that I did not attach the proper Response, when in fact all attachments are attached. See, Coopwood v Wayne Cnty, 74 F.4th 416 (6th Cir 2023)(" Quoting, Ross v Blake, 578 U.S. 632 (2016), and holding administrative Remedies are unavailable; when administrators thwart inmates from taking advantage of Grievance process"). Therefore, this honorable Court shall Consider the Grievance exhausted, as petitioner following all instruction all the way to the BP-11, but the B.O.P. arbitrarily Refused to Resolve the merits.

## LEGAL AUTHORITY TO ALLOW PETITIONER TO RECEIVE (15) DAY'S FIRST STEP ACT (2018) TIME CREDITS

On December 21, 2018, the First Step Act of 2018 ("FSA") was signed into law and initiated a system that allows eligible prisoners to earn time credits for successfully completing evidence-based Recidivism Reduction

programming or productive activities. See, Martin v Lemaster, 2022 U.S. App. Lexis#29075 (6thCir 2022) (Quoting, 18 U.S.C. 3632, holding all prisoners who score low as petitioner, receive (10) days for participating in recidivism programming, and a additional (5) days if a prisoner scores a low like petitioner, who has not increased their risk for (2) consecutive assessments. See, 18 U.S.C. 3632(A)(i)(ii).

The B.O.P. position in denying petitioner to earn the time credits, is based on petitioner falls under 18 U.S.C. 3632(D)(1viii) section stating; "A prisoner is ineligible to receive the (FSA) credits if his conviction was for distributing controlled substance, that caused death"). I.D. at 18 U.S.C. 3632(D)(1viii). Martinez v Rosalez, 2024 U.S. App. Lexis #914 (5thCir 2024).

## 2241 IS A COGNIZABLE VEHICLE TO ADDRESS FIRST STEP ACT CREDITS

The proper scope of a petition for writ of habeas corpus under 28 U.S.C. 2241 is to challenge the execution of a federal sentence. Mayfield v Snyder, 27 Fed Appx 468 (6thCir 2001). "A motion pursuant to section 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison transfers, types of detention and prison conditions." Jiminian v Nash, 245 F.3d 144 (2nd Cir 2001).

Petitioner claim that his (FSA) credits should be addressed pursuant to, Noe v True Lexis#2101 (10thCir 2024). In Noe supra, Noe brought a claim under 28 U.S.C. 2241, asserting that the B.O.P. prohibiting his (FSA)

time credits on the basis that his conviction under 21 U.S.C. 841(b)(1)(A), 21 U.S.C. 846 Conspiracy prohibited him from earning (FSA) time credits, as his conviction involved a leadership role pursuant to 18 U.S.C. 3632(d)(4)(D)(lxvii). The tenth Circuit Rejected this position, as the Record did not establish that petitioner was convicted under 21 U.S.C. 841(b)(1)(A), but instead 21 U.S.C. 846 Conspiracy which does not fall under 18 U.S.C. 3632(d)(4)(D)(lxvii) that prohibits petitioner from earning (FSA) Credits with a leadership Role.

## CONCLUSION

The same holds true for petitioner. The B.O.P. prohibiting petitioner from earning (FSA) time credits, on the basis that he was convicted of 21 U.S.C. 841(a)(1) and 841(b)(1)(C) Cause of Death is not established by any document, nor did petitioner receive a enhancement for causing death. See, Judgment of Commitment attached to Administrative Remedy Exhibit (C).

## RELIEF REQUESTED

Petitioner Request that this honorable Court enter a order, directing the B.O.P. to award petitioner all Retroactive (FSA) time credits, and all future (FSA) time credits.

DATE 2-28-24

Rashaud L Coleman #54812-074
(FCI) Milan
P.O. Box 1009
Milan, Michigan 48160